**In the Matter of Ray Carlton JOHNSON, Bankrupt.**

**No. 16482.**

United States Court of Appeals
Eighth Circuit.

June 30, 1961.

Nona R. Johnson, pro se.

Before JOHNSEN, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

PER CURIAM.

The Estate of Ray C. Johnson, bankrupt, was closed in 1958, and the trustee was discharged at that time. Two years later, the bankrupt's wife, Nona R. Johnson, petitioned the bankruptcy court to reopen the estate alleging that she was a creditor and that there were unadministered assets. The court denied her petition, and she has appealed. Both in the trial court and here, the matter has been handled by her pro se.

■ The Bankruptcy Act authorizes reopening of a closed estate "for cause shown". 11 U.S.C.A. § 11(8). A petition to reopen is a matter addressed to the sound discretion of the court. Hunter v. Commerce Trust Co., 8 Cir., 55 F.2d 1, 4. For denial of a petition on alleged additional assets to constitute an abuse, assets of such probability, administrability and substance must appear to exist as to make it unreasonable under all the circumstances for the court not to deal with them. Cf. In re Newton, 8 Cir., 107 F. 429, 431.

The situation here cannot be declared to be of that character. What appellant sought reopening on were some purported choses in action, which she had for some time been futilely wrestling with herself. She wanted to get the trustee to take over the burden of attempting to obtain redress on these and thereby relieve her of further task and expense in her personal determination to have them pursued.

Two of the matters had in effect been rejected and abandoned by the trustee, while the estate was open, as being without basis or value. One of these was a claim for tax refund, based on a joint return of the Johnsons, as to which they had themselves brought suit in the District Court, had been denied recovery, and had at the time of the application herein taken an appeal to this Court. (We have since made affirmance of the judgment of the District Court, Johnson v. United States, 8 Cir., 291 F.2d 908.)

■ The other was an alleged claim related to matters which had been involved in and appeared to be legally concluded by litigation, to which the bankrupt had been a party, and which had been closed on the records of the state court five years before the bankruptcy. As to this the court appropriately observed that "to reopen the bankrupt's case for the purpose of recovery by the bankrupt in that matter has no merit whatever."

A third alleged chose in action was a purported claim for damages against a third party for dispossession of the Johnsons from some property which had been set off as exempt in the bankruptcy proceeding under 11 U.S.C.A. § 24. This was property which the Johnsons had been purchasing on contract, and from which, after it had been set off as exempt, the vendor ousted them of possession, under state process, on the basis of his contract rights, because of defaults by them in their purchase payments.

■ The setting off of this property as exempt left the bankruptcy court without jurisdiction of any nature over it or of any controversies between the bankrupt and third parties as to the legal interests existing in it. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S. Ct. 751, 47 L.Ed. 1061; Stein v. Bostian, 8 Cir., 133 F.2d 586. If the Johnsons' rights in the property had been in any way violated by third parties, this was a matter for them personally and not for the trustee. The trustee would have no capacity to institute or take over any such suit as bankruptcy administration.

Some other choses in action are alleged, but one of these, if it had any basis, was wholly personal to appellant, so that the trustee, similarly as in the situation above would have been without capacity to make any assertion of it. The other was so old and so lacking in any demonstrated possibility of recovery value as not to afford substance calling upon the court to reopen the administration of the estate.

The entire situation was one where the court could properly regard appellant's petition as not involving any realities in bankruptcy administration.

Affirmed.