**In the Matter of Floyd H. HAKER, Bankrupt.**

**John W. PRICE, Petitioner-Appellant,**

v.

**Floyd H. HAKER, Respondent-Appellee.**

**No. 27146**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 19, 1969.

---

Gerald L. King, John W. Price, Dallas, Tex., for petitioner-appellant.

John Fox Holt, Dallas, Tex., Jack G. Howe, Waxachie, Tex., Walter Hirsch, Dallas, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

The appellant herein is seeking to have reopened, by motion filed on August 13, 1968, a closed estate in bankruptcy, contending that since the closing of the estate on March 4, 1966, information has come to him that a trust exists of which the bankrupt's wife is the beneficiary. He contends that the distributions which have been made from this trust have been invested in assets other than for the preservation or management of said bankrupt's wife's separate property, and, therefore, became transmuted special property subject to the community debts of the bankrupt. It appears that this property was excluded by the bankrupt in the schedules filed by him.

The District Court, upon written findings and recommendations of the Referee in Bankruptcy, denied the petition to reopen, and the appellant has appealed.[1]

■ It is elemental bankruptcy law that the granting of a petition to reopen is a matter addressed to the sound discretion of the Court, and the only reason for setting aside the judgment of the trial court is for an abuse of that discretion. In re Johnson, 8 Cir., 291 F.2d 910, cert. den. 368 U.S. 971, 82 S.Ct. 447, 7 L.Ed.2d 399.

■ We find here that there was no such abuse of discretion.

The Referee in Bankruptcy recommended, and the trial court adopted the recommendation that under the circumstances in this case, the chance of any substantial recovery for creditors is too remote to make the effort worth the risk, i. e., a plenary suit would be necessary. The Texas Court of Civil Appeals, in a case involving the same litigants as are here concerned, Price v. Haker, 419 S.W.2d 213, has already, in effect, decided the issue against the appellant. It seems to this Court that the Referee in Bankruptcy correctly observed that while the doctrine of res judicata may not technically apply, nevertheless, it appears that he is really coming back to try a second bite at the cherry.

When these bankruptcy proceedings were filed, the appellant was aware of all of the facts that he is now trying to assert in his application to reopen these

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

proceedings. He could have and should have directed the attention of the trustee to the fact that there was property in the bankrupt's wife's name, and should have informed the trustee that possibly by litigation in plenary action this property could be included in the bankrupt's estate. He chose the state court route instead and lost. Now, in our view, he is guilty of laches.

For the above reasons, the judgment of the trial court is hereby affirmed.