400 So.2d 919 (1981)
Evelyn REED
v.
GENERAL MOTORS CORPORATION, Right Way, Inc. and Duplessis Cadillac, Inc.
No. 14011.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied July 27, 1981.
Stephen Miller Irving, Baton Rouge, for Evelyn Reed.
James T. Curtis, Garland, Tex., John C. Combe, Jr. and John G. Gomila, Jr., New Orleans, for Wright-Way, Inc.
Ben Louis Day, Baton Rouge, for Duplessis Cadillac, Inc.
Stephen K. Conroy, Metairie, for General Motors Corporation.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Appellant, the purchaser of a new 1978 Cadillac automobile, brought suit against the manufacturer (General Motors Corporation), the seller (Duplessis Cadillac, Inc.) and the manufacturer-supplier of optional hand controls (Wright-Way, Inc.),[1] which optional equipment was installed in appellant's automobile by defendant, Duplessis. The bases of appellant's suit is an alleged defect in the automobile and an alleged defect in the optional equipment and its negligent installation by defendant Duplessis.
*920 Appellant alleges in her petition that the above referred to defects caused four separate and distinct accidents, which appellant has dated as follows: (1) immediately prior to June 12, 1978; (2) immediately prior to September 27, 1978; (3) October 12, 1978; and (4) November 5, 1978.
This instant action, seeking to recover the damages sustained (both to property and personal injury) in all four accidents, was filed by appellant on September 28, 1979. Thereafter, all three defendants filed peremptory exceptions of prescription and/or improper cumulation, alleging that appellant's cause of action as to accidents numbers one and two had prescribed. These exceptions were sustained by the trial court and appellant's claims with respect to the alleged accidents numbers one and two were dismissed with prejudice. Appellant seeks review of that judgment.
Although there was extensive discussion and argument in the trial court and in the briefs submitted to this court concerning the characterization of appellant's cause of action, as being either in tort or redhibition, for the reasons set forth below, we find it unnecessary for us to make such a determination.
Generally, prescription does not commence to run until plaintiff has actual or constructive knowledge of the tortious act, the damage and the causal relation between the tortious act and the damage. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970); Duhon v. Saloom, 323 So.2d 202 (La.App. 3rd Cir., 1975), writs refused 325 So.2d 794 (La.1976). In discussing constructive notice, the Supreme Court, in Cartwright, supra, stated:
"... Whatever is notice enough to excite attention and put the owner on his guard and call for an inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."
The doctrine of contra non valentem agere nulla currit praescriptio, relied upon by appellant, which means that prescription does not run against a person who could not bring his suit, can be applied where either (1) the cause of action has not manifested itself with sufficient certainty to be susceptible of proof in a court of justice, or (2) the defendant concealed information or misled and lulled the plaintiff into inaction. Brown v. State, Through Department of Correction, 354 So.2d 633 (La.App. 1st Cir., 1977). This doctrine applies, however, only when the plaintiff's ignorance, as to the existence of such facts that would entitle him to bring suit, is not willful and does not result from negligence. Cartwright, supra.
Each of the first two accidents were very minor in nature and caused only minimal property damage to appellant's automobile. After each accident, appellant brought her car to Duplessis to have the property damage repaired and to have minor adjustments made to the car. Appellant testified that on each of these occasions, when she returned the automobile to Duplessis for repair, she discussed with the service employees a "high idle" problem she was having with the car and asked that this be checked.
Concerning her knowledge of the cause of these accidents, appellant testified that ".... I did not know what was causing my continued difficulties ...." and "I had no idea that that [improperly installed hand controls] was the difficulty. I was grasping at anything I could find. I suggested that. I also suggested it might be the carburetor."
Nowhere in appellant's testimony does she state that she believed at that time that any particular problem had caused the accidents and she, in fact, testified that she at first did not even connect the first and second accident with each other. We also note that there is no evidence that appellant ever informed any of the defendants, including the Duplessis service employees, that she believed that they [defendants] were responsible for the damage which these accidents caused to her automobile. Further, appellant testified that, upon having *921 the car returned to her after each servicing, Duplessis' employees merely informed her that she would have "no more trouble with it."
From the evidence introduced at the hearing on the exception, it appears that defendant Duplessis' service employees did not inform appellant of the existence of any defect in her automobile, and in fact led her to believe that no problem (defect) existed which had caused these minor accidents.
Even assuming that the facts known to appellant at the time of the first and second accidents may have created in her a legal duty to inquire, it appears that she made reasonable inquiry and based on defendant's service employees' statements to her, formed what she now alleges to be the mistaken belief that no defect then [at the time of the first and second accidents] existed in her automobile.
In this instant case, appellant had some vague problem with her automobile, which she alternately attributed to the accelerator or the idle setting or even possibly the carburetor. Her speculation in attempting to assist the service employees and request that they "check" what she thought might be a problem, does not indicate sufficiently certain knowledge by appellant of any defect, which may have existed in the automobile. Thus, we believe that appellant's cause of action had not, at the time of the first and second accidents, manifested itself with sufficient certainty to be susceptible of proof in a court of justice. This seems even more true when we consider the fact that defendant's service employees, who we assume to be experts in the field of automobile defects and repair, apparently could not themselves find any defect which they causally linked to appellant's minor accidents. It seems clear from appellant's testimony that they at least did not inform appellant of any defect, and appellant relied upon this in assessing the situation.
For these reasons, we find that the running of prescription was suspended as to accidents one and two. Thus, as to these causes of action, appellant's suit was timely filed and the judgment of the trial court is in error. Therefore, the judgment of the trial court dismissing appellant's suit as to accidents numbers one and two is reversed and this cause is remanded to the trial court for further proceedings in conformity herewith. All costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] The petition and judgment refer to one of the defendants as "Right Way, Inc."; defendant's pleadings indicate that its proper name is "Wright-Way, Inc."