**In re Robert E. STANKE and Portia E. Stanke, Debtors.**

**Bankruptcy No. 82–01456–2.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 14, 1984.

Charles E. Rubin, Kansas City, Mo., trustee.

Michael W. Thompson and Michael K. McVey, Kansas City, Mo., for A.L. Huber, Jr.

MEMORANDUM OPINION
AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

This case was converted from Chapter 11 to Chapter 7 and closed as a "no asset"

estate. Shortly thereafter the former trustee moved to reopen alleging that he had discovered an allegedly preferential transfer which, if set aside, would realize an asset for the estate. The creditor objects contending that the former trustee is not a party in interest and that reopening would be inequitable.

A hearing was held on the motion at which time the trustee and the creditor appeared by counsel. Argument was heard. The parties filed briefs in support of their positions and the matter was taken under advisement.

Section 350(b) of the Code, Title 11, U.S.C., provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause". Rule 5010, Rules of Bankruptcy Procedure, provides that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code".

Under § 2(a)(8) of the Bankruptcy Act, § 11(a)(8), Title 11, U.S.C., the bankruptcy court had the authority to "reopen estates for cause shown". Rule 515 of the prior rules provides that "[a] case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause".

## I

■ The motion to reopen is addressed to the sound discretion of the court. *In re Johnson*, 291 F.2d 910 (8th Cir.1961); *In re Forman*, 45 F.Supp. 295 (D.C.E.D.N.Y. 1942). "[I]t is undoubtedly the duty of the bankruptcy court to reopen an estate upon becoming informed that there are assets of the estate which have not been administered ...". *Doyle v. Ponsford*, 136 F.2d 401, 403 (8th Cir.1943).

Here the trustee states that facts exist to suggest that a creditor has not perfected properly and that an asset may be obtained for the estate by avoiding the transfer. The schedules suggest a value in excess of the claims as to the real estate. The schedules show only one unsecured creditor but

substantial sums owed IRS as a priority creditor. Obtaining an asset will be of benefit to creditors.

The Court finds that there is a probable asset of the estate which may be administered. The Court also finds that determination as to whether the creditor holds a perfected security interest will not involve extensive litigation or expense.

## II

■ The Court also finds that the trustee is a proper moving party. It is clear under Rule 515 that the trustee could move to reopen, falling within the class of any "other person". There is nothing in the comment to Rule 5010 to suggest that the drafters intended to limit the class by excluding the trustee. Rather it would appear that they merely substituted a phrase of art—"party in interest"—for the words "other person". This conclusion is reinforced by looking at other places in the Rules, such as Rule 2002(a), where the phrase "parties in interest" is defined as "the debtor, the trustee, all creditors and indenture trustees ...". The same definition is used in Rule 2002(b). Where the trustee is deprived of power to act, the Rules so state. See, for example, Rule 4007(a) which permits only a "debtor or any creditor" to file a complaint determining the dischargeability of a debt. Compare Rule 4004(a) where there is no limitation as to the entity which may file a complaint objecting to discharge. And see Rule 4004(b) which authorizes an extension of time to file such a complaint on "motion of any party in interest". The trustee has to be in that class because the trustee is authorized by statute to bring such a complaint. Section 727(c)(1) of the Code.

*In Brangan v. United States*, 373 F.Supp. 1050 (D.C.E.D.Va.1973) the court casually holds that the trustee may move to reopen. In a case styled *Joslyn's Estate*, 171 F.2d 159 (7th Cir.1948), the court held that a creditor of a defunct bank was also a creditor of a stockholder of the bank

and could move to reopen the stockholder's bankruptcy case.

The Court also suggested that a case could be reopened upon the suggestion of a stranger if there was in fact a discovery of assets to be administered. See also *In re Thomas,* 204 F.2d 788 (7th Cir.1953).

The trustee is obligated to administer the estate which includes the obligation to collect property and to investigate the debtor's affairs. Section 704 of the Code. As one of the few persons informed as to the case, the trustee is a natural person to hold and to exercise the power to move to reopen if his duty is unfinished. The Court holds that the trustee is a party in interest who may move to reopen.

### III

█ The creditor contends that reopening is futile because the trustee lacks the power to avoid the transfer. Section 546(a) limits avoiding actions to "the earlier of— (1) two years after the appointment of a trustee ...; and (2) the time the case is closed or dismissed". It is apparent that the limitations contained in Section 546(a)(2) were written without considering the possibility that a case could be reopened. 4 Collier on Bankruptcy ¶ 546.-02[2] (15th Ed.).

One purpose of reopening is to administer assets. If such are to be obtained through an avoidance action the trustee should not be barred from taking such action because the estate was closed under the mistaken assumption that it had been fully administered. *In re Johnson,* supra; *Doyle v. Ponsford,* supra. It is quite another thing if the two year statute has run as that bars an avoiding action even if the case has never been closed. *Matter of Burstein-Applebee Company,* 30 B.R. 779 (B.C.W.D.Mo.1983). As the trustee was appointed on June 20, 1983, the action to avoid the transfer is not barred by the passage of time. The Court also holds that the avoiding action is not barred by the closing because assets remained to be administered and the case was not "fully

administered" within the meaning of the statutory pattern.

### IV

The creditor also argues that the case should not be reopened because of prejudice to it. Apparently after learning of the report of no distribution or of closing, the evidence not being clear as to time, creditor initiated an action against Commerce Bank of Independence to determine their respective rights in the collateral. Creditor has incurred significant legal expenses. It is quite clear that creditor would not have brought the action if its secured position had been avoided.

█ To prevail on the defense of laches the moving party must show lack of diligence by the other and prejudice to the moving party. *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *Gardner v. Panama R. Co.,* 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951). No evidence by either party was offered on the question of diligence. The existence of prejudice insofar as the expense of litigation constitutes such is admitted but the degree of prejudice is at issue.

If the trustee were to avoid the transfer here, Commerce Bank of Independence would hold a secured first position and would sell the property. An indefinite amount, perhaps up to $70,000 would accrue to the estate by virtue of the sale. But it appears from the schedules, however, that only the IRS would benefit as it holds a priority claim of an amount far in excess of the value of the asset to be recovered. No undersecured or unsecured creditor, including the one opposing reopening, would receive any payment.

The Court must be satisfied that there is compelling cause to reopen. *In re Allvend Industries,* 29 B.R. 900 (B.C.S.D.N.Y.1983); *In re Rediker,* 25 B.R. 71 (B.C.M.D.Tenn. 1982); *In re Stephenson,* 19 B.R. 185 (B.C. M.D.Tenn.1982). There must also be an "absence of intervening rights which would make it inequitable and unjust to disturb the case". *Matter of Admire,* 15 B.R. 405, 407 (B.C.W.D.Mo.1981).

■ Here the case was closed in October 1983 and the motion to reopen filed in January of 1984. But in the interim creditor had initiated the litigation necessary to determine its priority position. Reopening here will not benefit general creditors and it is likely that the IRS will be paid anyway. Under all of these circumstances the Court finds that the motion to reopen should be denied. Reopening would not benefit the general estate and would prejudice the opposing creditor.

The Motion to Reopen is DENIED.