In re Frank WARD f/d/b/a
Ward Brothers.

In re Charlene May WARD.

Billy VINING

v.

WARD, et al.

Bankruptcy Nos. B77–1226–M,
B77–1227–M.

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

May 8, 1986.

James A. Rountree, Hudson, Potts & Bernstein, Monroe, La., for movant, North Louisiana Farmlands, Inc., Frank and Charlene Ward.

Stephen Katz, Rankin, Yeldell, Herring & Katz, Bastrop, La., for trustee.

James A. Hobbs, Blackwell, Chambliss, Hobbs & Henry, West Monroe, La., for Carlton Ward.

## FINDINGS OF FACT.

LEROY SMALLENBERGER, Bankruptcy Judge.

This matter begins in the dark recesses of legal time on February 16, 1972 with the filing of a law suit styled, "Ward Brothers and Frank Ward vs Clinton Smith" # 11609, Fifth Judicial District Court, West Carroll Parish, La. In this State Court suit the plaintiff alleged that Mr. Smith owed $8,057.39 represented by a promissory note and $4,693.94 on account for supplies, materials and chemicals. The Ward Brothers were represented by the law firm of Hamilton & Carroll, of Oak Grove, Louisiana. Subsequently, on March 23, 1972, judgment was entered in the Plaintiff's favor.

On July 13, 1977, Frank Ward, d/b/a Ward Brothers and Charlene Ward filed for protection under Chapter 7 of the 1898 Bankruptcy Act. On August 4, 1977, a Trustee was appointed. The judgment against Mr. Smith was never scheduled as an asset of the estate. Hamilton & Carroll did not represent the debtors in their bankruptcy. On February 9, 1979, the case was closed.

Thereafter, on September 16, 1981, the Smith Judgment was assigned by Ward Brothers and Frank Ward to North Louisiana Farm Lands, Inc., (NLF). The records of the Secretary of State of Louisiana indicates that NLF is a corporation wholly owned by the members of the Hamilton & Carroll firm.

On February 23, 1982, NLF filed a petition to revive the Smith judgment; this was done on September 16, 1982. On January 9, 1985, after a writ of fifa was issued, a Sheriff's Sale occurred, which resulted in a collection of the judgment of a sum in excess of $24,000. This money was then deposited into the Hamilton & Carroll trust account and two-thirds was distributed to

the Ward Brothers and one-third was retained by Hamilton and Carroll.[1]

After numerous allegations and documents were brought to the Court's attention, this Court on its own motion ordered the cases reopened on October 3, 1985 and ordered consolidation.[2] Subsequently, a new trustee was appointed to examine this matter and report to the Court.

In concert with the Trustee's examination, this complaint was filed on January 7, 1986. On February 19, 1986, NLF and Frank & Charlene Ward filed a Motion to Dismiss the complaint. In the motion, NLF and the Wards argue that the alleged fraudulent transfer occurred more than two years after the date of the transfer. The motion further states: "This case is governed by the Bankruptcy Act."

Also, on March 3, 1986, a Motion to Dismiss was filed by Carlton Ward. The Carlton Ward Motion echoes the NLF Frank Ward Motion.

The motion came for hearing on March 5, 1986; after argument of counsel the Court took the matter under advisement with a request for memorandum. The Motion to Dismiss[3] raises two issues which we address separately.

## CONCLUSIONS OF LAW

I. The Bankruptcy Act of 1898 statute of limitations is to be applied in reopening a closed Act case.

■ All parties before this court seem somewhat unsure if the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 apply in this case. Despite arguments to the contrary, we have no doubt that the 1898 Act and not the 1978 Act,

applies in this case. Section 403(a) of the 1978 Act; Pub.L. 95–598, provides:

> A case commenced under the Bankruptcy Act (1898) and all matters and proceedings *in or related to any such case,* shall be conducted and determined under such Act (1898) as if this Act (1978) had not been enacted, and the substantive rights of the parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding *as if the Act (1978) had not been enacted.*

Therefore, the date the bankruptcy case was commenced determines whether the 1898 Act or the 1978 Act applies. In the case at bar, the Ward bankruptcy was filed on July 13, 1977. Thus, the 1898 Act applied to the Chapter 7 case while it was administered and the 1898 Act is the law this Court will apply in determining whether or not the Ward case can be reopened and the complaint against the Wards, Hamilton & Carroll and NLF can be prosecuted.

II. A Case Reopened—A Complaint Allowed to Proceed.

A. A Case Reopened.

The debtors in filing their bankruptcy, failed to list the judgment as property of the estate; the debtors were granted their discharge, the case was closed. The facts of this case show that this judgment, although not a listed asset, eventually realized some $24,000.00. The actions of the Hamilton & Carroll firm and the Wards leads this Court to conclude that they were aware that the judgment had some value and was part of the bankruptcy estate.

■ The question of whether to reopen a bankruptcy proceeding lies, to a large ex-

---

1. Although not presently pertinent to the issue before the Court, we note a letter dated December 15, 1982 from Mr. Hamilton to the Trustee requesting an abandonment of the judgment. Clearly, the Hamilton & Carroll firm was well aware that this judgment was property of the estate.

2. Arguably, Mr. Huenefeld, as Trustee, should have acted to reopen this case and determine the validity of the judgment. This, however,

was not done and what Mr. Huenefeld knew remains an issue of fact to be determined at trial.

3. The motion itself raises solely the issue concerning the timeliness of the complaint. The parties, however, via briefs have turned the motion to dismiss into a motion for summary judgment—the Court is asked to determine whether there are any genuine issues of material fact.

tent, within the sound discretion of the Bankruptcy Court. *Beneficial Finance Company of Va. v. Lazroviton*, 47 B.R. 358 (Bkrtcy.E.D.Va.1983). In concert with this discretion, we must note that bankruptcy is an equitable proceeding and rules of equity apply.

A Bankruptcy Court's discretion in opening a case is applicable in both 1898 Act and 1978 Act cases. *Matter of Seats*, 537 F.2d 1176 (4th Cir.1976); *In Re Thomas*, 204 F.2d 788 (7th Cir.1953). In fact, we believe it is our duty to order a case reopened when, as here, the Court has clear evidence that there are assets of the estate that have not been administered. *Doyle v. Ponsford*, 136 F.2d 401 (8th Cir.1943); *In Re Johnson*, 291 F.2d 910 (8th Cir.1961); *In Re Foreman*, 45 F.Supp. 295 (E.D.N.Y. 1942). The Court finds that there is an asset of the estate which may be administered; the possible return of these monies justifies the reopening of this case. It is in the best interest of the creditors and the debtor: We note however, that realistically, the determination as to whether the judgment was concealed and should be returned may involve some litigation and expense but the Court believes that the expense is justified under the circumstances. The Court is satisfied that there are compelling reasons to reopen the case. *In Re Rediker*, 25 B.R. 71 (Bkrtcy.M.D.Tenn. 1982); and that there are no intervening rights of which it would be inequitable and unjust to disturb. *In Re Admire*, 15 B.R. 405 (Bkrtcy.W.D.Mo.1981). This Court's order of October 3, 1985 reopen these cases stands.

## B. The Motion to Dismiss.

This Court concludes that under the Act of 1898 the two-year statute of limitations on suits by a trustee on behalf of the estate does not apply to suits brought by the trustee against a bankrupt or other parties to recover funds or property of the estate concealed or misapplied. *Berman v.*

*Provencher*, 614 F.2d 823 (1st Cir.1980).[4] The basis for our refusal to apply the statute is found in ¶ 546.02 in *Collier on Bankruptcy* (15th Ed.1985):

> Section 11d of the original Bankruptcy Act, from which former Section 11e was partially derived, provided that suits shall not be brought by ... a trustee of a bankrupt estate subsequent to two years after the estate has been closed.' In *Bilafsky v. Abraham* [67 N.E. 318 (Ma. 1903) ], where more than two years had elapsed after an estate had been closed, and the estate was then opened because it had not been fully administered, the problem was whether the trustee was barred by the original version of Section 11e from instituting suit upon a right of action belonging to the estate the Court said:
>
> > 'There, is no limitation in the statute as to the time within which an estate may be reopened, and it hardly can be contended that such a proceeding cannot be taken after the expiration of two years from the erroneous closing of it. If an estate may be reopened after the expiration of two years, it would be a strange anomaly if the collection of assets by suit, which in many cases would be the principle object of reopening an estate, should be prohibited by the statute. It seems to us that the word 'closed' in this provision means properly and finally closed, and if, upon proceedings in the court of bankruptcy, it appears that the order closing the estate was made by mistake, and that an order should be issued reopening the estate for the purpose of having it fully administered, it should be held, after the reopening, that the estate is opened for the purpose of bringing suits, even though more than two years have elapsed since the entry of the original erroneous order. In this way, we think, affect will best be given to the purpose

---

**4.** Arguably the time period did not begin to run until the judgment was reduced to collection on

January 9, 1985.

of the congress to provide for a full and proper administration of the estate's of bankrupts.'

See also, *In re Thomas,* 204 F.2d 788 (7th Cir.1953) (allowing a case to be reopened some 12 years after it was closed) where the Court said, "one who seeks its protection will deal honestly and fairly with his creditors by furnishing a complete and accurate schedule of its assets. A failure to do this, if intentional, is a fraud, the perpetrator of which is in a poor position to seek protection on a basis of equity". 204 F.2d at 790.

■ Additionally, having lulled the creditors, the trustee and court into a sense of inaction through its failure to disclose and the transfer to NLF, movers should be estopped from raising the issue of the Statute of Limitations. As dictated by the Supreme Court in *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). Equitable estoppel is grounded upon the maximum that "no man may take advantage of his own wrong" and,

> This principle has been applied in many diverse classes of cases by both law and equity courts, and has frequently been employed *to bar inequitable reliance on statutes of limitations* (court emphasis) 359 U.S. at 233, 79 S.Ct. at 762.

At this point, we look not at the intent, but upon the effect of the conduct on the other parties. The concealment precluded the action of the trustee and the creditors. Movers' arguments are somewhat hollow when examined in the light of 4½ years of silence.

Next, the Court believes that even Louisiana law would, using equity principles, suspend the running of prescription. In remanding the case back to the lower Court the Fifth Circuit in *Burnham v. Todd,* 139 F.2d 338 (5th Cir.1943) wrote:

> We agree with the master that no limitation fixed by Section 11 of the Chandler Act, 52 Stat. 849, which became law Sept. 22, 1938, controls this case. See 1 Collier on Bankruptcy (14 Ed.) 1187. Section 11, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. d, as it stood prior

thereto provided: "Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." We considered its application in *Isaacs v. Neese,* 5 Cir., 75 F.2d 566, but that was a "suit", brought by the trustee to recover property transferred before bankruptcy in fraud of creditors, and our decision was also rested on the conclusion that no bar had attached under the Texas statutes. In *Stanolind Oil and Gas Co. v. Logan,* 5 Cir., 92 F.2d 28, the bankruptcy trustee, on a reopening of the estate, sought by plenary bill to recover possession of certain oil leases previously in the court's possession and held under a claim of right. We held Section 11 to apply only to causes of action existing before bankruptcy, and that there was no bar by laches. If the present summary petition is a "suit by the trustee" within the meaning of the quoted provision, no limitation ran under this Section because the estate has not been closed.

> Since no federal limitation exists, the next question is whether a Texas statute of limitation applies. The possible question whether Congress intended Section 11 to supersede State limitation statutes except as it is in its amended form recognizes them has not been raised. 139 F.2d at 343.

The Court then proceeded to examine Texas law and the applicable Texas Statute of limitations. Following the Fifth Circuit's instructions, we will next examine Louisiana law.

■ In Louisiana, the doctrine of contra non valenteum agere nulla cievit praescriptio,

> means that prescription does not run against a person who could not bring his suit ... it can be applied where either (1) the cause of action has not manifested itself with sufficient certainty to be susceptible of proof in a court of justice, or (2) the defendant concealed information or mislead and lulled plaintiff into inaction.

*Reed v. General Motors Corp.,* 400 So.2d 919 (1st Cir.1981)

See also *Gale v. Jones*, 63 F.Supp. 481 (W.D.La.1946) holding that since under Louisiana law a simulated transfer never vests title in the transferee and an action to declare the simulated transfer to be null never prescribes, a trustee's allegations that a transfer was a mask and sham to conceal the bankrupt property was good against a plea of prescription.

■ Finally, in its memorandum movers have broadened their Motion to Dismiss, arguing that no genuine issues of material fact exist in that:

1) The trustee knew in 1981 of the transfer,

2) This Court knew in 1983 of the transfer. The Court must respectfully disagree with movers. Clearly, it still must be determined what, if, and when the original trustee was aware of the actions of the debtors. Similarly, one can not conclude that instanteously upon the receipt of a letter this Court was fully apprised of all of the issues in this case. Thus, the Court can not find that there is no issue of fact based upon affidavits and the record before us. Accordingly, for the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss is DENIED.