In re Frederick Isaac HERZIG, Debtor.

Gwendolyn F. KOZMAN, Appellant,

v.

Frederick Isaac HERZIG, John J. Kroh, Trustee, Appellees.

Bankruptcy No. SA–84–02067 JB. BAP No. CC–87–2111 JMoMe.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 16, 1988.

Decided Jan. 23, 1989.

Gwendolyn F. Kozman, Irvine, Cal., pro se.

Ronnie L. McCarthy, Law Offices of Jon R. Stuhley, Tustin, Cal., and John J. Kroh, Santa Ana, Cal., for appellees.

Before JONES, MOOREMAN and MEYERS, Bankruptcy Judges.

*OPINION*

JONES, Bankruptcy Judge:

Appellant, Gwendolyn Kozman, appeals a bankruptcy court order denying without prejudice her motion to reopen the Debtor's bankruptcy case for the purpose of pursuing allegedly unadministered assets.

## FACTS

Frederick Herzig, a medical doctor ("Debtor"), filed a Chapter 7 petition on May 18, 1984. At the time the petition was filed, the Debtor was a defendant in a medical malpractice action that had been brought by Appellant, Gwendolyn Kozman, in 1981. Appellant alleges that the petition was filed in order to prevent a mandatory settlement conference in the malpractice action from going forward.

The Debtor's schedules listed 38 unsecured creditors, many of them former patients, with disputed and contingent claims in unknown amounts. Appellant's debt was included in the schedules. The schedules showed that the Debtor owed $80,000 in secured debt and $48,117 in state and federal taxes. The only assets listed by the Debtor were $1,500 in household and personal goods, and $5,000 in liquidated debts owing the Debtor. The Debtor reported income of $64,000 for the year 1982, and $135,000 for the year 1983.

A Chapter 7 trustee was appointed and on May 25, 1984, the trustee determined that the case was a no-asset one and that the creditors need not file proofs of claim. On September 24, 1984, the Debtor received a discharge. Appellant did not file an objection to discharge or a complaint objecting to dischargeability.

In early 1985, Appellant informed the trustee of her suspicions that the Debtor had concealed assets of the estate. Specifically, Appellant believed that the Debtor had fraudulently transferred property of the estate to his sons in an irrevocable trust several years prior to the filing of the petition. Appellant also believed that the Debtor had concealed partnership interests in three different medical groups.

In March 1985, the trustee sought court authorization to employ an attorney to investigate Appellant's allegations. The Court appointed attorney Lynne Riddle to represent the trustee. According to an affidavit subsequently filed by Ms. Riddle, she thoroughly investigated Appellant's contentions and concluded that there was no evidence that the Debtor had concealed any assets. Ms. Riddle further opined that any potential fraudulent transfers had been made outside of the relevant statutes of limitations, both state and bankruptcy. The case was closed on July 25, 1985.

On August 26, 1986, upon the Debtor's motion, the case was reopened so that the Debtor could add several creditors who had been "inadvertently" omitted from the original schedules. The case was closed for the second time on April 24, 1987.

In June 1987, Appellant informed the trustee that documents filed in the Orange County Superior Court in early 1987 in the Debtor's divorce proceeding, verified that the Debtor had concealed assets from the bankruptcy court. Specifically, the Superior Court had found that the Debtor and his wife had "utilized the interest earned on the trust prior to [their marital] separation." Appellant had also learned that in 1986, the trust proceeds and assets had been distributed to the Debtor's two sons, and that in November 1986 one of the Debtor's sons had gifted back his interest in the trust to the Debtor. The trustee informed Appellant that he would look into the matter, but also informed her that because this was a closed, no-asset case, he would rely solely upon the results of the investigation of the Debtor's wife's attorney in the dissolution proceeding.

On September 1, 1987, Appellant filed a motion to reopen the case pursuant to 11 U.S.C. § 350(b), alleging that assets of the estate had not been administered. Both the trustee and the Debtor opposed the motion, arguing that Appellant's allegations had previously been investigated and that the estate had been fully administered.

After a hearing, the bankruptcy court denied the motion without prejudice on the ground that Appellant had presented insuf-

ficient evidence to warrant reopening the case. The court further noted that the statute of limitations had run with regard to the trustee's avoiding powers and, thus, reopening the case would be fruitless. The court also noted that the time to object to discharge had passed. Finally, the court informed Appellant that she could bring another motion to reopen if she obtained more persuasive evidence regarding hidden assets. This appeal followed.

## STANDARD OF REVIEW

■ A decision regarding the reopening of a case based upon allegations of additional assets is committed to the sound discretion of the bankruptcy court, and will not be set aside absent an abuse of discretion. *In re Johnson*, 291 F.2d 910 (8th Cir.1961).

## DISCUSSION

Section 350(b) of the Bankruptcy Code empowers a bankruptcy court to reopen a case to administer previously unadministered assets. That section provides:

A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, *In re Stanke*, 41 B.R. 379, 380 (Bankr.W.D.Mo.1984) (citing *Johnson*, 291 F.2d at 910), the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered. *In re Mullendore*, 741 F.2d 306, 308 (10th Cir.1984); *In re Atkinson*, 62 B.R. 678, 679 (Bankr.D.Nev.1986); *In re Ward*, 60 B.R. 660, 663 (Bankr.W.D. La.1986); *Stanke*, 41 B.R. at 380.

In order for the denial of a motion to reopen to constitute an abuse of discretion, "assets of such probability, administrability and substance must appear to exist as to make it unreasonable under all the circumstances for the court not to deal with them." *Johnson*, 291 F.2d at 911. Where the chance of any substantial recovery for creditors appears "too remote to make the effort worth the risk," a trial court does not abuse its discretion in denying a motion to reopen. *In re Haker*, 411 F.2d 568, 569 (5th Cir.1969).

Here, as noted, the court's denial of the motion was based on the following findings: 1) that reopening would be fruitless because the trustee was time barred by 11 U.S.C. § 546(a) from bringing any avoidance actions and because the time for filing objections to discharge had passed; and 2) that the Superior Court's finding that the Debtor and his wife "utilized interest of the trust prior to the separation" was not sufficient to indicate that the trust was invalid at the time the petition was filed. We will review both findings in order to determine whether the denial of the motion to reopen was an abuse of discretion.

*A. Section 546(a).*

■ We first note that the bankruptcy court erred in concluding that 11 U.S.C. § 546(a) would bar an action by the trustee to recover property of the estate. Section 546(a) provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

Here, two years from the date of the trustee's appointment is May 1986. The case was closed on July 25, 1985. Thus, the earlier date for purposes of § 546(a) is July 25, 1985, the date the case was closed. However, even though the motion to reopen was not presented to the court until September 1987, an avoidance action is not necessarily time barred by § 546(a). In *In re Petty*, 93 B.R. 208, 213 (9th Cir.BAP, 1988), we recently held that where a case has been closed prior to the running of the two-year period under the erroneous assumption that it has been fully administered, the trustee may be given the remainder of the original two year period, upon the reopening of the case, in which to commence avoidance actions. *See also In re Alt*, 39 B.R. 902, 10 C.B.C.2d 1364, 1367

(Bankr.W.D.Wis.1984); *Stanke,* 41 B.R. at 381 (where two year period has not run prior to closing, avoiding action not barred if case not fully administered); *Cf. Ward,* 60 B.R. 660 at 663.

■ Here, the case was closed approximately ten months prior to termination of the two year period contemplated by § 546(a)(1). Had the case been reopened, the trustee could have been given the remaining ten months in which to bring an action to recover property of the estate. Accordingly, the bankruptcy court erred in concluding that the trustee would be time barred from bringing an action.[1]

## B. *The probability of recovery of unadministered assets.*

■ Even though an avoidance action by the trustee may not be time barred, we agree with the bankruptcy court that the recovery of unadministered assets appears too remote upon the evidence presented to justify the reopening of the case. As noted, the trustee was initially apprised of the existence of the trust and of various transfers to the trust in early 1985. According to the trustee's attorney, the investigation of the transfers included reviewing the public records of the County Clerk, County Assessor and County Recorder, reviewing records regarding the Debtor's participation in various medical partnerships, interviewing the Debtor's general and limited partners, reviewing tax documentation of the Debtor, and extensive contact with the Debtor's attorney. After this apparently thorough investigation, both the trustee and his attorney were satisfied that the Debtor had not concealed any assets.

The only previously unimparted information put forth by Appellant in support of the motion to reopen the case was 1) the Superior Court's finding that the Debtor and his wife had utilized interest of the trust prior to their marital separation; and 2) the fact that one of the Debtor's sons had transferred his interest in the trust back to the Debtor in 1986. In our view, these factors are not sufficient to indicate that there are assets of the estate which remain unadministered. The Superior Court made no specific finding as to the time period in which the Debtor and his wife utilized the interest, or the extent of the interest utilized. Even assuming, arguendo, that the interest was utilized post-petition, without at least a preliminary showing that the trust was invalid under state law and, therefore, property of the estate, there is no basis to conclude that interest on the trust is property of the estate. *See* 11 U.S.C. § 541(a)(6). Nor does the fact that one of the Debtor's sons gifted back his interest in the trust to the Debtor in 1986 establish that the trust was invalid under state law.

Because these factors do not constitute "prima facie proof" that the estate has not been fully administered, they do not give rise to a duty to reopen the case. *See Mullendore,* 741 F.2d at 308. We further note that the bankruptcy court's denial of Appellant's motion to reopen was without prejudice. Accordingly, Appellant may bring another motion to reopen if she obtains more concrete evidence indicating that assets have been hidden.

On the record before us, the possibility of recovery of hidden assets appears remote, at best. Accordingly, the bankruptcy court did not abuse its discretion in denying Appellant's motion to reopen. The decision below is AFFIRMED.

---

**1.** However, we agree with the bankruptcy court that the time for revoking discharge had passed. The probable ground for revocation of discharge in this case would be § 727(d)(1): "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). Section 727(e)(1) provides that a creditor must request a revocation of discharge under subsection (d)(1) within one year of the granting of the discharge. Here, the discharge was granted on September 24, 1984. Because Appellant never filed such a complaint, she is now barred from doing so.