**In re CERRUDO, Caesar A., Debtor.**

**Bankruptcy No. 96–02334–R.**

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 27, 1997.

---

Ben Catterlin, Tulsa, OK, for Debtor.

Katherine Vance, Asst. U.S. Trustee, Tulsa, OK.

### ORDER DENYING MOTION TO REOPEN TO ADD CREDITOR

DANA L. RASURE, Chief Judge.

On September 24, 1997, Debtor's Motion to Reopen To Add Creditor (the "Motion") came before the Court for consideration. The Debtor, Caesar A. Cerrudo, seeks to reopen his bankruptcy case pursuant to 11 U.S.C. § 350(b) in order to discharge a debt owed to a pre-petition unsecured creditor, Associates Commercial Corporation ("Associates"), in the amount of $21,799.00 ("the Associates Debt"), which was omitted from the Debtor's scheduled debts. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and (B)(2)(I).

**Findings of fact:**

The Court finds the following from the record in this case: The Debtor filed a voluntary petition for chapter 7 relief on June 19,

1996; the Debtor's schedules and statement of financial affairs were filed on the same day. Omitted from the schedule of non-priority unsecured creditors was the Associates Debt, which the Debtor alleges is an unsecured debt in the amount of $21,799.00. Patrick J. Malloy, III, was appointed as the chapter 7 trustee (the "Trustee"). On July 24, 1996, the Trustee convened and concluded the meeting of creditors pursuant to Section 341. The Trustee adopted the Debtor's schedules as the inventory of the estate. There were no non-exempt assets that the Trustee deemed appropriate to liquidate, and on July 30, 1996, the Trustee filed a report of no distribution. The Debtor received a discharge of his debts on October 18, 1996. The case was closed on May 21, 1997.

**Conclusions of law.**

The decision to reopen a case is discretionary with the bankruptcy court. *Kozman v. Herzig,* 96 B.R. 264 (9th Cir. BAP 1989). Section 350(b) of the Bankruptcy Code governs the circumstances under which a case may be reopened. Section 350(b) states:

A case may be reopened in the court in which such case was closed to **administer assets, to accord relief to the debtor, or for other cause.**

11 U.S.C. § 350(b) (emphasis added). The issue in this case is whether reopening the case to add an omitted creditor is necessary to accord relief to the Debtor. The Court concludes that reopening a "no-asset" chapter 7 case to add an omitted creditor has no effect on the dischargeability of such debt, and therefore reopening this case and permitting the Debtor to amend the schedules to add the Associates Debt would not afford relief to this Debtor.

The scope of Debtor's discharge is described in Section 727(b) of the Bankruptcy Code. Section 727(b) provides that **all** of a debtor's pre-petition debts are discharged, except for those debts determined to be nondischargeable in an adversary proceeding under Section 523(a)(2), (4) or (6) of the Bankruptcy Code[1], and those debts that are

---

1. Section 523(a)(2) generally excepts from discharge debts for money, property or services, or

refinancing of credit obtained by false pretenses, false representation or actual fraud. Section

presumed non-dischargeable under the remaining subsections of Section 523(a). Consequently, Section 727 does not specifically except unscheduled debts from discharge but refers to Section 523 to ascertain which debts are excepted from discharge.

At first glance, Section 523(a)(3) appears to except unscheduled debts from discharge, but a studied reading reveals that unscheduled debts are excepted from discharge only in certain circumstances. Section 523(a)(3) excepts from discharge a debt that is—

> neither listed nor scheduled under section 521(1) of this title ... **in time to permit—**
>
> (A) if such debt is **not** of a kind specified in paragraph (2), (4), or (6) of this subsection, **timely filing of a proof of claim,** unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and **timely filing for a determination of dischargeability** of such debt ... unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3) (emphasis added).[2]

■ Whether an unscheduled debt is discharged depends upon (1) the kind of debt and (2) whether notice was given to the creditor in time to allow the creditor to take advantage of the protections conferred to creditors in the Bankruptcy Code. In a case where a liquidation of non-exempt assets produces a fund for distribution to creditors who have allowed claims, a creditor who is not given notice in time to file its proof of claim is denied one of the essential benefits of the liquidation, a right to participate in the distri-

bution. In a no-asset chapter 7 case, however, it is unnecessary to file a proof of claim because there will no liquidation or distribution. No claims bar date is set. Since there is no deadline for filing a proof of claim in a no-asset chapter 7 case, an unscheduled creditor is not deprived of the opportunity to timely file a proof of claim and suffers no prejudice.

If the omitted debt is of a kind that would require the creditor to timely file an adversary proceeding under Section 523(a)(2), (4), or (6), however, the failure to schedule the debt does result in prejudice to the creditor. 11 U.S.C. § 523(a)(3)(B). Unless the creditor had actual notice of the bankruptcy, it will have been deprived of the right to have the debts declared non-dischargeable by the Court.

In summary, in a no-asset chapter 7 case, unscheduled debts are not excepted from discharge by virtue of Section 523(a)(3) unless the debt would be non-dischargeable under one of the intentional tort exceptions contained in Section 523(a)(2), (4), or (6).[3] Pursuant to Section 727(b), an unscheduled debt in a no-asset chapter 7 case is discharged unless the debt could have been found to be non-dischargeable under the intentional tort exceptions if the creditor had been given an opportunity to timely seek such relief. For these reasons, it is generally a useless exercise to reopen a case to schedule an unscheduled debt, because reopening affords no more relief to the debtor than the debtor already has obtained by virtue of the discharge under Section 727. *See Judd v. Wolfe,* 78 F.3d 110 (3d Cir.1996) (and cases collected therein); *Stone v. Caplan,* 10 F.3d 285, 289 (5th Cir.1994); *Beezley v. California Land Title Co.,* 994 F.2d 1433 (9th Cir.1993).

523(a)(4) excepts from discharge debts that have arisen from fraud or defalcation while debtor was acting in a fiduciary capacity, and debts for embezzlement or larceny. Section 523(a)(6) excepts from discharge debts arising from willful and malicious injury by the debtor to an "entity" (which, as defined under Section 101(15) of the Bankruptcy Code, includes but is not limited to a person, estate, trust, governmental unit and the United States Trustee) or property of such an "entity."

**2.** In order to determine whether or to what extent an unscheduled debt has been discharged, an adversary proceeding for determination of discharge under Section 523(a)(3) may be filed pursuant to Bankruptcy Rule 4007(b).

**3.** In addition, debts that are presumed to be non-dischargeable under Section 523(a)(1), (5), (7) through (14), (16) and (17), are not discharged, whether scheduled or unscheduled, unless the debtor files an adversary proceeding to prove otherwise.

The case before this Court was a "no-asset" chapter 7 case. If the Associates Debt is not a debt that falls within the intentional tort non-dischargeability provisions, then the debt **has been discharged** under Section 727 by virtue of the Discharge of Debtor entered on October 18, 1996, and there is no need to reopen the case or amend the schedules. If the Associates Debt is a debt that is arguably non-dischargeable under Section 523(a)(2), (4) or (6), then it is not discharged, and reopening the case to add Associates as a creditor will not change that result.

Because reopening the case will not accord to the Debtor any relief that he has not already obtained by virtue of his Discharge, the Motion is **denied.**

**IT IS SO ORDERED.**