**In re Carlton Ivory PRICE, Debtor.**

**Carlton Ivory Price, Plaintiff,**

v.

**Manufacturers and Traders Trust Company, Defendant.**

**Bankruptcy No. 99–14541 B.**
**Adversary No. 99–1115 B.**

United States Bankruptcy Court,
W.D. New York.

April 4, 2001.

UAW Legal Services Plans (Joseph W. Rotella, of counsel), UAW–GM UAW–Ford UAW–Daimler Chrysler, Cheektowaga, NY, for Plaintiff.

Lacy Katzen Ryen & Mittleman, LLP (David D. MacKnight, of counsel), Rochester, NY, for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

This court previously granted the debtor's motion to reopen his chapter 7 case, for the purpose of commencing the present adversary proceeding to recover from a judgment creditor the allegedly preferential payment of funds garnished from the debtor's wages. The defendant in this adversary proceeding has now moved for

summary judgment on two grounds: first, that because the garnished funds were non-exempt assets, the debtor lacks standing to recover a preference under 11 U.S.C. § 522(h) and (i); and second, that the initial closing of the bankruptcy case effected a closing of the period within which the debtor could commence his action under the applicable statute of limitations.

As on any motion by a defendant for summary judgment, this court must assume the facts as alleged in the complaint. On June 9, 1997, the Manufacturers and Traders Trust Company ("M & T") obtained a money judgment against Carlton Ivory Price in Buffalo City Court for the sum of $3,761.19. Shortly thereafter, M & T served an income execution on Price's employer, American Axle & Manufacturing Corporation. More than two years later, on August 13, 1999, Price filed a petition for relief under chapter 7 of the Bankruptcy Code and duly scheduled the claim of M & T as an unsecured debt. From the date of bankruptcy filing, American Axle discontinued all garnishments. During the ninety days prior to bankruptcy, however, the employer had withheld from the debtor's wages the sum of $1,231.12, all of which was forwarded to M & T pursuant to the income execution.

In the original schedules filed with his bankruptcy petition, the debtor had neglected to include any withheld wages on his list of assets. Shortly after the first meeting of creditors, the trustee filed a no-asset report, and the case was closed on November 23, 1999. Then in February of 2000, the debtor moved to reopen his case for the purpose of amending his schedules and to initiate the present adversary proceeding. Opposing this request, M & T argued that the debtor had no prospect for success in its intended litigation. This court found that the delay in amending the schedules was excusable due to a health problem that debtor's counsel had experienced, and that any defenses to an anticipated adversary proceeding would be better considered in the context of that litigation. Accordingly, the court granted an order reopening the case on March 27, 2000. On that same day, the debtor amended his schedules to claim an exemption for all wages that M & T seized within ninety days of the bankruptcy filing. Then on April 12, 2000, the debtor commenced the present adversary proceeding to recover those garnished wages as a preference. In response, M & T has answered and now moves for summary judgment.

M & T's first argument is that the debtor lacks standing to commence the present action. Generally, section 547 of the Bankruptcy Code provides that it is the trustee who may avoid transfers that are preferential. However, for those instances in which a trustee does not attempt to avoid an otherwise avoidable transfer, section 522(h) provides that "[t]he debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subdivision (g)(1)* " of section 522 (emphasis added). Once a lien is avoided, section 522(i) allows the debtor to recover the transferred asset. An essential predicate both for the transfer's avoidance under section 522(h) and for recovery of the transferred asset under section 522(i) is that the asset be exempt under section 522(g)(1). This subdivision allows a debtor to exempt property that a trustee could recover as a preference, but only "to the extent that the debtor could have exempted such property ... if such property had not been transferred," and only if "such transfer was not a voluntary transfer of such property by the debtor" and if "the debtor did not conceal such property."

The argument of M & T focuses on its assertion that Price has no right to an exemption for the garnished funds, and therefore no right to avoid a transfer of those funds.

Price bases his claim to an exemption on New York Debtor and Creditor Law § 283. For debtors like Price who do not own a homestead, this section allows an exemption for no more than $2,500 of cash. Section 283 then defines cash to mean "currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution." M & T asserts that on the day of bankruptcy filing, the garnished funds were not cash in the possession of the debtor, and therefore not an asset that the debtor could exempt. This court disagrees. The purpose of preference law is to return the state of affairs to what it would have been, but for the preferential act. Consistent with this goal, section 522(g)(1) allows a debtor to exempt a preference recovery "to the extent that the debtor could have exempted such property ... if such property had not been transferred." In the present instance, the employer paid to Price the balance of wages owed in excess of proper withholdings. To the extent that M & T had not garnished the debtor's wages during the ninety days prior to bankruptcy, cash in the amount of $1,231.12 would have been paid to Price. Such cash, if and when restored to the bankruptcy estate by reason of preference litigation, must be allowed the same exempt status that it would have enjoyed if no preference had occurred. Having caused an asset to become something other than cash in the hands of the debtor, M & T may not now argue that the debtor lacks standing because that asset is no longer cash.

M & T's second argument is that the adversary proceeding is barred under the applicable statutes of limitation, as found in 11 U.S.C. § 546 and § 550. Section 522(h) allows a debtor to avoid certain preferential transfers, but only when "such transfer is avoidable by the trustee" under section 547. Section 546(a) provides that an action or proceedings under section 547 may not be commenced "after the earlier of—(1) the later of—(A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee ... if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); *or (2) the time the case is closed or dismissed*" (emphasis added). Similar are the limitations of 11 U.S.C. § 550, which establishes parameters for the recovery of property whose transfer has been avoided. Subdivision (f) of this section mandates that such actions or proceedings "may not be commenced after the earlier of—(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) *the time the case is closed or dismissed*" (emphasis added). Unquestionably, the debtor commenced the present adversary proceeding within two years of entry of the order for relief and before the avoidance of any transfer. Accordingly, the issue is whether the action was commenced at some point in time that was earlier than when the case was closed. M & T contends that this adversary proceeding is barred because it was commenced after the initial closing of the case on November 23, 1999. Price contends that the reopening of the case served also to reopen the time during which he could commence the present adversary proceeding, and that the adversary proceeding is therefore timely.

The parties have cited no Second Circuit authority relative to the requirements of

section 546(a) and 550(f) that affected actions be commenced prior to "the time the case is closed." Generally, however, Bankruptcy Courts have held that these limitations do not bar the trustee of a reopened case from commencing an adversary proceeding to avoid the transfer of assets. Reasoning that the very purpose for reopening a case is to administer assets, the Bankruptcy Appellate Panel for the Ninth Circuit ruled in *In re Petty*, 93 B.R. 208, 212 (1988) that "the word 'closed' in § 546(a)(2) must be read to mean properly and finally closed." For the same reason, Judge Pelofsky held in *In re Stanke*, 41 B.R. 379, 381 (Bankr.W.D.Mo.1984) that if assets are to be obtained through an avoidance action, "the trustee should not be barred from taking such action because the estate was closed under the mistaken assumption that it had been fully administered."[1] I agree also with the analysis of Judge Marilyn Morgan, who notes in *In re Serrato*, 214 B.R. 219, 226 (Bankr.N.D.Cal. 1997) that section 350 of the Bankruptcy Code mandates "that the court shall close a case only after the estate is fully administered." Judge Morgan concludes, therefore, that a case is not fully administered and "is not properly and finally closed where the court discovers a potential asset that the debtor has failed to disclose in a bankruptcy petition, which may be administered and may result in the return of money to the estate." 214 B.R. at 226.

The present facts are somewhat distinguishable from the above cited cases, in that it is the debtor who has requested the reopening of his bankruptcy, for a purpose other than the administration of assets by a trustee. At best, sections 546(a)(2) and 550(f)(2) are ambiguous. A highly respected treatise acknowledges that in the context of reopened cases, the application of these limitations "is not clear." 5 Lawrence P. King Et Al, Collier On Bankruptcy, § 546.02[2][b] (15th ed. rev.2000). Nonetheless, in the view of this court, references to "the time that the case is closed" are expectant of a continuous circumstance. A reopening of the case, therefore, serves to reopen the limitations period, subject to the other limitations of section 546(a) (relative to the entry of an order for relief and the election or appointment of a trustee) and section 550(f) (relative to the time of transfer avoidance).

Sections 546(a) and 550(f) are not to be viewed in isolation. Rather, we must discern their meaning from the context of the entire Bankruptcy Code, and in particular the provisions for closing and reopening of cases, as found in 11 U.S.C. § 350:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Section 350(a) confirms the notion that a case's closing appropriately follows the full administration of all assets. To the extent that assets are not fully administered, a closing should not have occurred and the limitations of sections 546(a)(2) and 550(f)(2) should not have been imposed. These notions then link into section 350(b). The purposes for which a case may be reopened include "to administer assets" and "to accord relief to the debtor." Among the assets that may be administered are causes of action for the avoid-

---

**1.** Both *In re Petty* and *In re Stanke* interpreted an earlier version of section 546(a), which was amended in 1994. However, that amendment left intact the language of subpart 2, which mandates that an avoidance action be commenced prior to "the time the case is closed or dismissed."

ance of preferences and the recovery of avoided transfers. Among the relief to be accorded to the debtor are the right of a debtor under section 522(h) to avoid certain transfers, and a debtor's right under section 522(i) to recover certain assets whose transfer has been avoided. Thus, the clear intent of section 350(b) is to allow a reopening of cases for the commencement of adversary proceedings like that which the debtor herein has initiated. To avoid conflict with this purpose, this court will give to the ambiguous language of sections 546(a) and 550(f) an interpretation that allows, upon a reopening of a case, a reopening of the time to commence avoidance actions.

For the reasons stated above, the motion of M & T for summary judgment is denied. By separate notice, the court will schedule a pretrial conference. At that time, the court will set a timetable for any other dispositive motions, including any motions based on an application of the holding in either *Riddervold v. Saratoga Hospital*, 647 F.2d 342 (2nd Cir.1981) or *In re Arway*, 227 B.R. 216 (Bankr. W.D.N.Y.1998).

So ordered.