In re Carleton Ivory PRICE, Debtor.

Carleton Ivory Price, Plaintiff,

v.

Manufacturers and Traders Trust Company, Defendant.

Bankruptcy No. 99–14541B.
Adversary No. 00–1115 B.

United States Bankruptcy Court, W.D. New York.

Aug. 30, 2001.

UAW Legal Services Plans, Cheektowaga, New York, Terrie Benson Murray, of counsel, for plaintiff.

Lacy, Katzen, Ryen & Mittleman, LLP, Rochester, New York, David D. MacKnight, of counsel, for defendant.

CARL L. BUCKI, Bankruptcy Judge.

Carleton Ivory Price commenced this adversary proceeding to avoid an allegedly preferential transfer of funds that the Manufacturers and Traders Trust Company ("M & T") obtained through the garnishment of Price's wages during the 90 days prior to the filing of his bankruptcy petition. In a previous order, this Court denied the motion of M & T for summary judgment. Asserting that the Court did not fully address the defendant's argument, M & T has moved to alter or amend the earlier decision, or in the alternative, to certify the issue to the District Court.

This Court has fully recited the relevant facts in its previous opinion that is reported at 260 B.R. 653. For purposes of the present discussion, it suffices to repeat that in 1997, M & T obtained a $3,761 judgment against Price and served an income execution on Price's employer. Pur-

suant to that income execution, M & T collected $1,231.12 during the 90 days prior to the filing of Price's bankruptcy petition. Choosing not to administer the preference claim, the Chapter 7 trustee closed the case. Over the objection of M & T, this Court then granted Price's motion to reopen this matter, to allow him to amend his schedules to claim a cash exemption for any preference recovery and to commence the present adversary proceeding. Shortly thereafter, Price served the summons and complaint, which M & T duly answered. M & T thereafter moved for summary judgment, which this Court denied for the reasons stated in its decision of April 4, 2001. In its present motion, M & T reasserts an argument that this Court fully addressed and rejected in its prior decision, namely that the debtor has no claim to an exemption for any portion of wages withheld by garnishment. Additionally, M & T contends that under the holdings in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) and *In re Scarpino*, 113 F.3d 338 (2nd Cir.1997), the debtor holds no interest in the garnished funds to which he may assert a claim. For the reasons stated hereafter, this Court rejects both contentions.

■ A debtor in Chapter 7 may for its own benefit avoid an otherwise preferential transfer pursuant to the provisions of 11 U.S.C. § 522(h) and (i). As is more fully explained in the Court's previous decision, 260 B.R. at 654, an essential predicate for such lien avoidance is that the transferred asset be exempt under 11 U.S.C. § 522(g). Specifically, this latter subdivision allows a debtor to exempt a preferentially transferred asset, but only "to the extent that the debtor could have exempted such property under subdivision (b) of this section if such property had not been transferred." As allowed by section 522(b), the State of New York has mandat-

ed its own standards of exemption. Price claims that the garnished funds are exempt under Debtor and Creditor Law § 283, which allows qualified debtors to claim an exemption for cash in an amount of up to $2,500. In its earlier motion, M & T argued that the garnished funds were not cash as defined by the Debtor and Creditor Law. In reasserting this position, M & T notes that CPLR 5205(d)(2) allows an exemption for 90 percent of wages and that the garnished funds represent the remaining ten percent. M & T states the essence of its position in paragraph 7 of its brief, where it argues that "if matters were restored to exactly the condition that prevailed at the moment the income execution had an effect on the Debtor's personal service income, the best possible result for the Debtor would be a claim against the employer for wages payable."

█ M & T bases its argument on an invalid premise, namely that a transferred asset's exempt character is to be determined as of the moment of transfer. Section 522(g) allows a debtor to exempt a transferred asset "to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred." Pursuant to Bankruptcy Rule 4003(a), debtors claim an asset as exempt by means of filing a list of exempt assets at or after the date of the filing of the bankruptcy petition. With regard to transferred assets, therefore, the issue is whether a debtor could have exempted an asset upon the filing of a bankruptcy petition. While CPLR § 5205(d)(2) establishes an exemption for only 90 percent of a debtor's wages, Debtor and Creditor Law § 283 creates an additional exemption for up to $2,500 of cash. Had wages not been withheld, Carleton Ivory Price would have received the withheld sums in cash, just as he received the net balance of the 90 per-

cent of wages that were not withheld. Indeed, under New York law, his employer would have been obliged to pay Price his entire net wage. N.Y. Lab. Law Art. 6 (McKinney 1986 and Supp.2001). Absent the preference, the withheld wages would not have been left indefinitely in the status of a wage receivable. They would have been paid, and accordingly, would have become cash in the hands of the debtor.

M & T suggests that the holding of this Court will expand the cash exemption unreasonably to include the value of any preferentially transferred asset, such as inventory. Wages, however, are an inherently different asset. Had inventory not been seized, it would still have been inventory. If wages are not garnished, they must inevitably under New York law be paid to the debtor as cash.

M & T cites *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) and *In re Scarpino*, 113 F.3d 338 (2nd Cir.1997) as support for its second argument, that the debtor never acquired an interest in cash against which it might assert a claim of exemption. Both *Sanderfoot* and *Scarpino* involved motions under 11 U.S.C. § 522(f) to avoid real property liens. In *Farrey v. Sanderfoot*, the debtor had acquired sole title to the former marital homestead pursuant to a judgment of divorce, which awarded the debtor's ex-wife a lien on the homestead in exchange for her previous half interest. The Supreme Court held that under Wisconsin law, the ex-wife's lien existed from the instant the debtor acquired sole title to the former marital homestead. In *Scarpino*, the bank obtained and docketed a judgment against the debtor before he ever owned real property. Subsequently, the debtor purchased real property for his residence. The Second Circuit held that under New York law, the docketed judgment became a lien on the real property from

the instant the debtor acquired title. Section 522(f)(1) allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property." The courts in *Sanderfoot* and *Scarpino* concluded that in order to invoke the benefits of section 522(f), the debtor must own the property for at least some instant prior to the lien's attachment. Because the liens in both cases attached from the very instant the debtors acquired their respective interests, neither Wisconsin nor New York law recognized a time when the debtors owned the property without encumbrance. Consequently, those debtors could not use section 522(f) to avoid the judgment liens.

In the present adversary proceeding, the plaintiff relies upon a subdivision of section 522 whose focus is materially different from that which the debtors invoked in *Sanderfoot* and *Scarpino*. Whereas lien avoidance under subdivision (f) relates to "the fixing of a lien", exemption rights under subdivision (g) extend to assets "that the debtor could have exempted ... if such property had not been transferred." Based on the holdings in *Sanderfoot* and *Scarpino*, M & T asserts that Price's wages could not change from a receivable to cash without an instantaneous attachment of the execution to those wages. Such analysis has great relevance for a motion to avoid liens under section 522(f). To the extent that a debtor lacks an exempt interest in property, section 522(f) offers no benefit for avoidance of any lien that might impair that asset. In contrast, the present dispute involves the assertion of an exempt claim to preferentially transferred assets. Because section 522(g) requires that transferred assets be treated as if no involuntary transfer had occurred, no consequence attaches to the fact that garnished funds went to M & T and were not cash in the debtor's possession on the filing of the bankruptcy petition. To the extent that M & T's lien is avoided as a preference, it can no longer usurp the ownership interest of the debtor. Upon avoidance of the lien, the only remaining rights to the garnished funds are those of the debtor and his estate. It is this interest which may be exempt to the full extent allowed under New York law.

■ Finally, in the alternative, M & T asks that this Court certify issues to the District Court for determination. The Bankruptcy Rules, however, make no provision for such relief. Accordingly, this Court will treat the defendant's request as a motion for leave to take an interlocutory appeal. As noted in the previous decision of April 4, 2001, the central issue of this dispute is the continuing applicability of *Riddervold v. Saratoga Hospital*, 647 F.2d 342 (2nd Cir.1981), particularly in light of the decision of my colleague in *In re Arway*, 227 B.R. 216 (Bankr.W.D.N.Y.1998). Until this key question is considered by this Court, review by the District Court is premature, as it would likely serve only to delay a final resolution of the present dispute.

Based on the forgoing, the motion of M & T is in all respects denied.

So ordered.