**In re Carlton Ivory PRICE, Debtor.**

**Carlton Ivory Price, Plaintiff,**

**v.**

**Manufacturers and Traders Trust Company, Defendant.**

**Bankruptcy No. 99–14541 B.**

**Adversary No. 00–1115 B.**

United States Bankruptcy Court, W.D. New York.

Jan. 24, 2002.

---

UAW–GM Legal Services Plan, Terrie Benson Murray, of counsel, Cheektowaga, New York, for plaintiff.

Lacy, Katzen, Ryen & Mittleman, LLP, David D. MacKnight, of counsel, Rochester, New York, for defendant.

CARL L. BUCKI, Bankruptcy Judge.

The relevant facts are fully recited in my two previously published decisions in this case. *See In re Price,* 260 B.R. 653 (Bankr.W.D.N.Y.2001) and *In re Price,* 266 B.R. 572 (Bankr.W.D.N.Y.2001). Now, for the third time, counsel for the Manufacturers and Traders Trust Company ("M & T") seeks an order granting summary judgment in its favor. On this occasion, however, it argues the continuing authority of *In re Riddervold,* 647 F.2d 342 (2nd Cir.1981). In *Riddervold,* the Court of Appeals held that an income execution in New York is a continuing levy from its service upon an employer, such that a subsequent payment to the creditor does not constitute a "transfer of property of the debtor" within the meaning of subsection (b)(4)(A) of the preference statute (11 U.S.C. § 547). In cross moving for summary judgment, the plaintiff urges reliance on the recent decision of my colleague, the Honorable Michael J. Kaplan, in *In re Arway,* 227 B.R. 216 (Bankr.W.D.N.Y. 1998). Judge Kaplan there held that the

Supreme Court's decision in *Barnhill v. Johnson,* 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) had undermined the reasoning of *Riddervold,* to the effect that a transfer of property is to be determined by federal rather than state law. In applying a federal standard, *Arway* concluded that the withholding of wages is an event of transfer, which may be avoided as a preference under 11 U.S.C. § 547.

■ This judge adopts fully the analysis of my colleague in *In re Arway.* I agree that in light of *Barnhill v. Johnson,* the decision of the court in *Riddervold* is no longer binding. Through application of the predictive model and for all of the reasons stated in *Arway,* I too believe that the Court of Appeals would now conclude that the levy of the debtor's wages is a transfer that occurred at the time of the payment of wages.

■ Although the decision in *Arway* addresses fully the issues now before this court, I would give special emphasis to the import of 11 U.S.C. § 547(e)(3). It states that for purposes of the preference statute, "a transfer is not made until the debtor has acquired rights in the property transferred." The essence of M & T's argument is that under New York law, a judgment creditor acquires a right to future wages as of the moment of service of the levy upon the employer. The lesson of *Barnhill v. Johnson,* however, is that in determining " '[w]hat constitutes a preference and when it is complete,' " guidelines of state law are not to be followed when in conflict with the Bankruptcy Code. 503 U.S. at 397, 112 S.Ct. 1386, *quoting McKenzie v. Irving Trust Co.,* 323 U.S. 365, 369–370, 65 S.Ct. 405, 89 L.Ed. 305 (1945). The present dispute involves not some prospective entitlement, but moneys actually withheld from the debtor's wages in the amount of $1,231.12. As to these funds, the debtor acquired an interest only

when they were earned at a time within ninety days of the filing of Price's petition in bankruptcy. Thus, pursuant to section 547(e)(3), the garnished funds are subject to recovery as a preference.

M & T argues that the debtor never held an interest in the garnished funds, so that no transfer from the debtor to M & T could ever have occurred. The unmistakable reality, however, is that M & T is now possessed of $1,231.12, and that the only possible source of those funds is a right or interest of Carlton Ivory Price. Necessarily, a transfer has occurred. By reason of section 547(e)(3), that transfer could only occur when the debtor acquired a right to his wages, that being a date within the preference period.

The motion of M & T is denied, and the plaintiff's cross motion is granted. Accordingly, Carlton Ivory Price is awarded judgment in the amount of $1,231.12, together with interest and costs.

So ordered.