Julio Cesar NOVOA, Appellant,

v.

Rosa ESPARZA, Paloma Martinez, Angela Herrera Minjarez, Julie Moreno, Jennifer Ficarra Urbina, and Celia Wong, Appellees.

EP–15–CV–296–PRM

United States District Court, W.D. Texas, El Paso Division.

Signed 06/28/2016

See also 2014 WL 10186158.

E.P. Bud Kirk, El Paso, TX, for Appellee.

Walter L. Boyaki, Miranda & Boyaki, El Paso, TX, for Appellees.

## ORDER AFFIRMING THE UNITED STATE BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO REOPEN CASE

PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE

On this day, the Court considered Appellant Julio Cesar Novoa's appeal from the United State Bankruptcy Court's July 27, 2015, "Order Denying Motion to Reopen Chapter 7 Case" [hereinafter "Order"]. After considering "Appellant's Brief" (ECF No. 2), filed on November 5, 2015; Appellees Rosa Esparza, Paloma Martinez, Angela Herrera Minjarez, Julie Moreno, Jennifer Ficarra Urbina, and Celia Wong's "Brief" (ECF No. 3) [hereinafter "Appellee's Brief"], filed on November 16, 2015; and Appellant's "Reply Brief" (ECF No. 4), filed on November 30, 2015; and the record on appeal, the Court is of the opinion that the Order should be affirmed for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2014, Appellant Julio Cesar Novoa, M.D., petitioned the United States Bankruptcy Court for the Western District of Texas ("Bankruptcy Court") for relief pursuant to Chapter 7 of the United States Bankruptcy Code ("Chapter 7"). Order

Granting Appellee's Mot. Dismiss 1–2, *Nova v. Esparza et al.*, 14–CV–253–PRM (W.D. Tex. Oct. 15, 2014), ECF No. 10 [hereinafter "Order Dismissing Appeal"]. At the time he filed his bankruptcy petition, Appellant was facing six separate medical malpractice claims brought by Appellees, former patients of his medical practice. *Id.* at 2. Pursuant to 11 U.S.C. § 362, the bankruptcy petition for relief operated as an automatic stay of Appellees' claims against Appellant. *Id.*

On April 21, 2014, Appellees filed their "Motion for Relief from Automatic Stay to Liquidate Claims and to Pursue Insurance Proceeds" [hereinafter "Motion for Relief"]. Bkrtcy. Dock. No. 13, ECF No. 1–8. Appellant failed to respond to the Motion for Relief. Order 2. As a result, on May 6, 2014, the Bankruptcy Court issued its "Agreed Order on Motion for Relief from Automatic Stay to Liquidate Claims and to Pursue Insurance Proceeds" [hereinafter "Agreed Order"], which lifted the automatic stay and gave Appellant's insurer the authority to "settle the claims of [Appellees] without the consent of [Appellant]." Bkrtcy. Dock. No. 16, ECF No. 1–7.

After the Bankruptcy Court entered the Agreed Order, the Appellant sought to set it aside on four different occasions.

Appellant first attempted to challenge the Agreed Order on May 16, 2014, when he filed a "Motion to Vacate Order Granting Relief from Automatic Stay" [hereinafter "Motion to Vacate"]. Bkrtcy. Dock. No. 23, ECF No. 1–9. In the Motion to Vacate, Appellant argued that the Agreed Order should be vacated because the Bankruptcy Court lacked jurisdiction to authorize his insurer to settle claims without his consent. *Id.* After convening a hearing on Appellant's Motion to Vacate, the Bankruptcy Court issued its "Order Denying Motion to Vacate Order Granting Relief from Automatic Stay" [hereinafter "Order

Denying Motion to Vacate"] on June 5, 2014. Bkrtcy. Dock. No. 38, ECF No. 1–12.

Appellant's second attempt to challenge the Agreed Order was when Appellant appealed the Bankruptcy Court's Order Denying Motion to Vacate on June 19, 2014. Bkrtcy. Dock. No. 47, ECF No. 1–13. The following day, Appellant received his bankruptcy "Discharge." Bkrtcy. Dock. No. 49, ECF No. 1–14.

The Court subsequently dismissed Appellant's appeal on October 15, 2014, holding that Appellant lacked standing to pursue his appeal. Order Dismissing Appeal 1–2. The Court held that Appellant did not meet the "person aggrieved test" required to establish standing in bankruptcy appeals. *See id.* at 5 (citing *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004)). Specifically, the Court reasoned that Appellant lacked a "pecuniary interest in the appeal because no matter the outcome of the appeal, no assets [would] revert to Appellant." *Id.* at 7.

Appellant's Chapter 7 bankruptcy case was thereafter closed on October 21, 2014. Order 2 (citing Bkrtcy. Dock. No. 65).

Appellant subsequently sought to challenge the Bankruptcy Court's Order Denying Motion to Vacate, despite the Court's denial of his appeal on July 6, 2015. Mot. for Leave to Attack Directly an Order of the Bankr. Ct. for Partial Voidness, After an Unsuccessful Appeal to this Dist. Ct., *Nova v. Esparza et al.*, 14–CV–253–PRM (W.D. Tex. July 6, 2015), ECF No. 12 [hereinafter "Motion for Leave"]. Namely, Appellant filed his Motion for Leave with the Court, attaching a motion in which Appellant sought partial relief from the Bankruptcy Court's Order Denying Motion to Vacate pursuant to Rule 60(b)(4) or (b)(6). Appellant's Motion for Leave sought the Court's permission to file this underlying motion in Bankruptcy Court. *Id.* at 14.

The Court denied Appellant's Motion for Leave, concluding that it lacked jurisdiction to rule on it because the Bankruptcy Court was the proper Court to adjudicate whether he was entitled to file the motion. Order Denying Appellant's Mot. for Lack of Jurisdiction, *Nova v. Esparza et al.*, 14–CV–253–PRM (W.D. Tex. July 17, 2015) [hereinafter "Order Denying Appellant's Motion for Leave"].

Appellant's third attempt to challenge the Agreed Order occurred shortly after the Court denied his Motion for Leave; Appellant filed his "Motion to Reopen Chapter 7 Case" ("Motion to Reopen") in Bankruptcy Court wherein Appellant requested that the Bankruptcy Court reopen the case so that Appellant could file another motion to vacate part of the Agreed Order. Mot. to Reopen, Bkrtcy. Dock. No. 67, ECF No. 1–4.

The Bankruptcy Court denied Appellant's Motion to Reopen, finding that reopening Appellant's case "so that [he] could file yet another motion to vacate a part of the Agreed Order would be futile and a waste of judicial and party resources." Order 3. The Bankruptcy Court reasoned that Appellant "already had two cracks at filing motions to vacate the Agreed Order in [Bankruptcy] Court, both of which ... [had] been denied by [the] [Bankruptcy] Court after a hearing more than a year ago." *Id.*

Appellant's fourth attempt to challenge the Agreed Order occurred · after the Bankruptcy Court 'denied his Motion to Reopen. Namely, Appellant filed a motion to reconsider, arguing that the Agreed Order was void. Mot. Reconsider Order De-

nying Mot. to Reopen Ch. 7 Case Under Bkrtcy R. 9023 (F.R. Civ. P. 59(b)), Bkrtcy. Dock. 69, ECF No. 1–6 [hereinafter "Motion to Reconsider"]. The Bankruptcy Court denied Appellant's Motion to Reconsider, fully addressing Appellant's argument that the Agreed Order was void and dismissing it. Order Denying Mot. to Reconsider Order Denying Mot. to Reopen Ch. 7 Case, Bkrtcy. Dock. No. 73, ECF No. 1–23 [hereinafter "Order Denying Reconsideration"].

Appellant now appeals the Bankruptcy Court's Order denying Appellant's Motion to Reopen. Appellant's Br. 1.

Appellant alleges three points of errors on appeal,[1] which can be summarized by the following two main arguments: (1) the Bankruptcy Court did not have discretion to reopen the case, but rather was required to do so because the Agreed Order was void and (2) even if the Bankruptcy Court did have discretion to not reopen the case, the Bankruptcy Court abused this discretion—the Bankruptcy Court should have set aside or corrected the Agreed Order to alleviate the confusion it has caused.

## II. LEGAL STANDARD

### A. Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 517 (5th Cir. 2004). A district court will only reverse for clear error if, after reviewing the entire record, the court is convinced that a mistake has been made. *Id.* However, a finding of fact based on an erroneous or im-

---

1.  (1) "A federal court does not have the discretion to tolerate a void Order," Appellant's Br. 13; (2) "The Bankruptcy Judge erred in applying inappropriate standards of discretion to deny reopening," *id.* at 16; (3) "The Bankruptcy Judge confined his analysis of the

Rule 60(b)(4) motion to whether there were sufficient opportunities for [Appellant] to be heard. He refused to consider the type of voidness—lack of statutory power—that would have left him no discretion to deny reopening", *id.* at 18.

properly applied legal standard is reviewed de novo. *Id.*

### B. Reopening a Bankruptcy Case

▇▇▇ Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "The phrase 'or other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991).

> This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings. The longer the time between the closing of the estate and the motion to reopen, however, the more compelling the reason for reopening the estate should be.

*Id.*

### III. ANALYSIS

### A. The Bankruptcy Court had Discretion to Decline Reopening the Case Because the Agreed Order is Not Void

Because Appellant's first and third points of error are interrelated, the Court will analyze these arguments in conjunction with one another. Appellant's first point of error alleges that the Bankruptcy Court did not have discretion to deny reopening the case because the Agreed Judgment was void pursuant to Rule 60(b)(4). Appellant's Br. 13–16. Relatedly, Appellant's third point of error alleges that the Bankruptcy Court incorrectly confined its Rule 60(b)(4) analysis to whether there were sufficient opportunities for Appellant to be heard. *Id.* at 18–23. Because these are both questions of law, the Court will

review the Bankruptcy Court's determination de novo.

While 11 U.S.C. § 1350 generally grants bankruptcy courts discretion in reopening bankruptcy cases, Appellant argues that the Bankruptcy Court did not have such discretion in this instance because the Agreed Order was void pursuant to Rule 60(b)(4).

Rule 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(b)(c)(1). "There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4).... Either a judgment is void or it is valid." 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2682 (3d ed. 2012) (collecting cases); *see also, e.g., Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974) ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.").

▇▇▇ "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). A judgment is not void merely because "it is or may have been erroneous." *Id.* Likewise, Rule 60(b)(4) is "not a substitute for a timely appeal." *Id.* The Supreme Court has made clear that "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*

In the same vein, the Fifth Circuit has "recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): (1) if the initial court lacked subject matter or personal jurisdiction; and (2) if the district court acted in a manner inconsistent with due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

■ The Court finds that Appellant is incorrect, and the Agreed Order is not void for three reasons: (1) there was no jurisdictional defect or due process violation; (2) lack of statutory power does not render a judgment void; (3) an erroneous judgment is not a void judgment. Therefore, the Bankruptcy Court had discretion to deny Appellant's Motion to Reopen pursuant to § 1350.

1. The Bankruptcy Court's Agreed Order is Not Void Because There Were No Jurisdictional Defects or Due Process Violations

The Agreed Order is not void because there was no jurisdictional defect or due process violation.

First, as, Appellant concedes, the Court had subject matter jurisdiction over Appellant's Bankruptcy case: "[t]he statutory basis for the Bankruptcy Court's subject matter jurisdiction is 28 U.S.C. § 1334(a) and (b), since this matter arose under Title 11." Appellant's Br. 1.

■ Second, the Bankruptcy Court did not act in a manner that violated Appellant's due process. "Ordinarily all that due process requires in a civil case is proper notice and service of the process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996).

Appellant was provided notice and was afforded an opportunity to be heard re-

garding the Motion for Relief and the Bankruptcy Court's Agreed Order: "The Motion for Relief [on the Agreed Order], together with the proposed [Agreed] [O]rder was served upon both [Appellant] and [Appellant's] Counsel." Order Denying Mot. to Reconsider 3. Yet, Appellant asserts that neither his insurance carrier, nor the opposing defense counsel that the carrier provided to defend Appellant in state court case were served with the Motion for Relief. Appellant's Br. 4. Thus, Appellant argues that "[t]he circumstances that [Appellant's] defense counsel were not served with the Motion to lift stay, causes the absurdity to rise to the level of the macabre." *Id.* at 16. This is of no consequence because both Appellant himself as well as Appellant's bankruptcy counsel at the time, Omar Maynez, were both served with the Motion for Relief—consequently, Appellant had notice. Order Denying Mot. to Reconsider 3; *see Brown*, 84 F.3d at 143.

The Motion for Relief warned Appellant in bold print that the pleading requested relief that might be adverse to his interests and that the Bankruptcy Court could grant the relief requested without a hearing if Appellant failed to respond within fourteen days. *Id.* Nevertheless, Appellant failed to timely respond to the Motion for Relief. *Id.* As a result, the Bankruptcy Court entered the Agreed Order after Appellant failed to timely file a response to the motion. *Id.* As outlined above, the Court also subsequently convened a hearing on Appellant's Motion to Vacate, giving Appellant another opportunity to be heard regarding the Agreed Order, despite Appellant's failure to timely respond to the Motion for Relief. *Id.* at 3–4.

2. Lack of Statutory Authority to Enter a Judgment Does not Render it Void

Appellant argues that jurisdictional error and due process violations are not the

only two infirmities that render a judgment void. Appellant asserts that a judgment can also be void if the court that rendered it "exceeded the powers granted to it by law." Appellant's Br. 13–14 (quoting *In re Crivello*, 134 F.3d 831, 838 (7th Cir. 1998)). Therefore, Appellant's third point of error alleges that the Bankruptcy Court erred in "confining [its] analysis of the Rule 60(b)(4) motion to whether there were sufficient opportunities for [Appellant] to be heard" and "refus[ing] to consider the type of voidness—lack of statutory power—that would have left him no discretion to deny re-opening." Appellant's Br. 18.

The Supreme Court, in *Espinosa*, considered and explicitly rejected the argument that Appellant now advances—i.e., that the Bankruptcy Court's Agreed Order is void because the Bankruptcy Court lacked the statutory authority to enter it:

Unable to demonstrate a jurisdictional error or a due process violation, [the creditor] urge[s] us to expand the universe of judgment defects that support Rule 60(b)(4) relief. Specifically, [it] contend[s] that the Bankruptcy Court's confirmation order is void because the court lacked statutory authority to confirm Espinosa's plan absent a finding of undue hardship .... We are not persuaded that a failure to find undue hardship in accordance with [Chapter 13] is on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4).

*Espinosa*, 559 U.S. at 273, 130 S.Ct. 1367.

Appellant quotes *In re Crivello*, a Seventh Circuit Court of Appeals case that predates *Espinosa*, to support the proposition that a judgment can be void under any of several circumstances, including where "the Court exceed[s] the powers granted to it by law." *Id.* at 19 (quoting 134 F.3d 831, 838 (7th Cir. 1998)). The Seventh Circuit in, *In re Crivello*, relied on *United States v. Walker*, an 1883 United States Supreme Court case wherein the Supreme Court held that "[a]lthough a court may have jurisdiction over the parties and subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization its decree is void." 109 U.S. 258, 266, 3 S.Ct. 277, 27 L.Ed. 927 (1883). But the Supreme Court revisited this century-old *Walker* holding in *Espinosa*, in light of the enactment of the Federal Rules of Civil Procedure, which abrogated this reasoning:

A bankruptcy court's failure to make [an undue hardship] finding pursuant to [Chapter 13 of the United States Bankruptcy Code does not] render [a reorganization plan's] subsequent confirmation void for purposes of Rule 60(b)(4). [The creditor] relies on our decision[ ] in *United States ex rel. Wilson v. Walker* ... to argue otherwise. Th[is] author[ity] [is] *not controlling* because [it] predate[s] Rule 60(b)(4)'s enactment and because we interpreted the statutes at issue in those cases as tripping courts of jurisdiction—either over the parties ... or the res. ... and [the creditor] concedes that the statutory limit in this case is not jurisdictional.

*Espinosa*, 559 U.S. at 274, n. 12, 130 S.Ct. 1367 (emphasis added) (internal citation omitted).

■ Thus, *Espinosa* made clear that there are only two circumstances that render a judgment void: jurisdictional defects and violation of due process. *Id.* at 270, 273, 130 S.Ct. 1367. Similarly, the Fifth Circuit has only recognized these two bases under which a judgment is void. *Callon Petroleum*, 351 F.3d at 208.

■ Accordingly, "lack of statutory authority" does not render a judgment void, and the Bankruptcy Court did not err in

confining its analysis to determining whether Appellant had adequate notice. *See Brown*, 84 F.3d at 143 ("The [Bankruptcy] [C]ourt had both subject matter and personal jurisdiction. Thus, our only inquiry is whether ·the [Bankruptcy] [C]ourt acted in·a manner so inconsistent with due process as to render the judgment void.").

### 3. An Erroneous Judgment is Not Void

Similar to the trustee in the *In re Crivello* case that Appellant cites, Appellant "confuses an erroneous judgment with a void judgment." *See* 134 F.3d at 838. Appellant's arguments regarding the Bankruptcy Court's "lack of statutory authority" to enter the Agreed Order center around Appellant's contention that· the Bankruptcy Court erred in entering the Agreed Order because this order "drastically modified [Appellant's] insurance contract." Appellant's Br. 5.

Appellant alleges that Appellant's insurance contract contained a provision that allowed Appellant to withhold consent from settlement, but the Agreed Order allowed ·Appellant's insurance carrier to settle the medical malpractice plaintiffs' claims without Appellant's consent. *Id.* Appellant argues that the Bankruptcy Court had "no power to alter any covenants of [Appellant's] medical malpractice insurance contract." *Id.* ·

Even if Appellant is correct in his assertion that the Bankruptcy Court erred in entering the Agreed Order because it impermissibly modified Appellant's insurance contract—as Appellant acknowledges—this does not render the Bankruptcy Court's Agreed Order void. *See Brown*, 84 F.3d at 143 ("A judgment is not void merely because it is erroneous.") (internal quotation marks and citations omitted). As the *Espinosa* Court explained: "[T]he Bankruptcy Court's failure to find undue hard-

ship before confirming [debtor's] plan was a legal error .... But the order remains enforceable and binding on [the creditor] because [the creditor] had notice of the error and *failed to object or· timely· appeal." Espinosa*, 559 U.S. at 274, 130 S.Ct. 1367 (emphasis added).

Similarly here, Appellant was provided with notice of the Agreed· Order and its alleged defects but failed ·to timely object. *See* Order Denying Mot. to Reconsider. Appellant did, however, appeal the Court's Agreed Order, and the Court dismissed Appellant's appeal because Appellant could not demonstrate that he was a person aggrieved and hence lacked standing to bring the appeal. *See* Order Dismissing Appeal. Consequently, Appellant's objections to the Agreed Order have already been· fully and fairly litigated, and Appellant cannot now use Rule 60(b)(4) attempt, once again, to disturb the Bankruptcy Court's final Agreed Order. *See id.; see also Espinosa*, 559 U.S. at 276, 130 S.Ct. 1367 ("Rule 60(b)(4) strikes a balance between the need for finality of judgments and .the importance of ensuring that litigants have a fully and fair. opportunity to litigate a dispute.")..

In· sum, Appellant's argument that the Bankruptcy Court's Agreed Order is void fails. The Bankruptcy Court had discretion to deny reopening· the case pursuant to § 1350.

### B. ·The Bankruptcy Court Did Not Abuse its Discretion in Declining to Reopen the Case

Next, Appellant argues that even if the Bankruptcy Court had discretion to reopen the case, the Bankruptcy Court abused its discretion in declining to reopen the bankruptcy case because it should have done so to vacate its Agreed Order, which Appellant alleges was incorrect and caused confusion. Appellant's Br. 16–18. As outlined

above, Appellant asserts that the Bankruptcy Court did not have the power to modify his insurance contract with his insurance carriers. *Id.* at 15–16. Appellant's insurance contract contained a "consent-to-settle" provision, which provided that Appellant's insurer had a duty to allow Appellant to withhold consent from settlement. *Id.* at 5. The Agreed Order, however, stated that Appellant's insurance carriers were authorized to settle the claims of Movants without Appellant's consent. *Id.*

The Court finds that Appellant's Motion to Reopen and the subsequent appeal of the Bankruptcy Court's Order denying that motion are attempts to, once again, bring his objections to the Agreed Order before the Bankruptcy Court and this Court. The Court has already ruled on Appellant's ability to challenge the Bankruptcy Court's Agreed Order, however, concluding that Appellant lacked standing to challenge it on appeal because he could not demonstrate that he was a person aggrieved. *See* Order Dismissing Appeal. Consequently the Court will not delve into Appellant's arguments regarding whether the Agreed Order was correct, as the Court has already determined that Appellant does not have standing to challenge this order on appeal. *See id.*

■■■ The Court further finds that the Bankruptcy Court did not abuse its discretion in declining to reopen the Bankruptcy Case. The Bankruptcy Court declined to reopen the case because

> reopening [Appellant's] case so that [he] could file yet another motion to vacate a part of the Agreed order would be futile

and a waste of judicial and party resources. [Appellant] has already had two cracks at filing motions to vacate the Agreed Order in this Court, both of which ... have been denied ... after [a] hearing more than a year [prior to the Bankruptcy Court's Order].

Order 3. The Bankruptcy Court was within its sound discretion to deny reopening the case so that Appellant could, yet again, challenge the Agreed Order, which he has already done on several occasions. *See In re Haker*, 411 F.2d 568, 569 (5th Cir. 1969) ("It is elemental bankruptcy law that the granting of a petition to reopen is a matter addressed to the sound discretion of the [Bankruptcy Court], and the only reason for setting aside the judgment of the [Bankruptcy] [C]ourt is for an abuse of that discretion.").

■■■ Furthermore, as the Bankruptcy Court notes in its Order Denying Reconsideration, "[n]o serious injustice to [Appellant] has occurred, as the [Appellant] has received his bankruptcy discharge (including a personal discharge of the Creditor's claims),"[2] and the one-year deadline for the creditors to file a motion to revoke Appellant's discharge has now expired. Order Den. Reconsideration 9. Thus, the Bankruptcy Court found that "[n]o manifest error of law or fact has been shown with respect to the Court's Order." *Id.* The Court agrees. Therefore, Appellant's argument that the Bankruptcy Court abused its discretion is without merit.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Appellant Julio Cesar Nova, M.D.'s appeal

---

**2.** "The general rule in a no-asset Chapter 7 case is that once debtor obtains a discharge under 11 U.S.C. § 727, most prepetition debts ... are automatically discharged ...." *In re Wilson*, 511 B.R. 103, 105 (Bankr. E.D. Mich. 2014). Pursuant to § 523(a)(6), however, a discharge under § 727 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or property of another entity." "A garden variety malpractice claim will not suffice under § 523(a)(6)." *Id.* at 106 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)).

from the Bankruptcy Court's July 27, 2015 "Order Denying Motion to Reopen Chapter 7 Case" is **DENIED.**

**IT IS FURTHER ORDERED** that the Bankruptcy Court's July 27, 2015 "Order Denying Motion to Reopen Chapter 7 Case" is **AFFIRMED.**

**IT IS FURTHER ORDERED** that any and all remaining pending motions are hereby **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall close the matter.